OPINION. LeMere, Judge: The question presented involves the amount which the petitioner is entitled to deduct as percentage depletion for coal under sections 23 (m) and 114 (b) (4) of the Internal Revenue Code. The amounts involved are not in dispute. The parties are in accord that the controversy narrows to the question of whether under the facts and circumstances here presented the respective independent contractors had an economic interest in the coal mined on the properties of the petitioner. The major payments involved herein were made under a written contract between the petitioner and the Capparell Stripping & Construction Company, Inc., the pertinent provisions of which are set forth in our Findings of Fact. Under the contract Capparell was to receive a specified amount per ton for the mining of the coal delivered to the cleaning plant owned and operated by the petitioner. The payments were to be made at stated intervals; they were not dependent upon the price the petitioner received upon the sale nor dependent on whether the petitioner sold the coal. The petitioner was required to take coal only at such times as its breaker was in operation. It was not required to run its breaker nor was it liable for damages for failure to operate it. Petitioner had the right to suspend work under the contract for an indefinite period without liability. If the suspension continued for a period of five weeks, Capparell had only the right to elect to terminate the contract. Therefore, the amount of coal to be mined was under the control of the petitioner. If it suspended work under the contract, Capparell had no right to mine and sell coal, and it could only terminate the contract. The petitioner also had agreements with three other independent contractors under which they were to deep mine and deliver to the petitioner coal from its properties. These agreements were oral. The evidence establishes that all three contractors were under the control of petitioner and were to be paid at a fixed price per ton for the material delivered to the petitioner. All the agreements were terminable at will, and all agreements were terminated by the petitioner after a period of approximately one year or less. In our opinion the evidence presented by this record amply supports our ultimate finding of fact that Capparell, under its written contract, and the independent contractors, operating under oral agreements, were not owners of an economic interest in the coal in place. Morrisdale Coal Mining Co., 19 T. C. 208. Cf. J. E. Vincent, 19 T. C. 501, 524, reversed as to this issue sub nom Commissioner v. Gregory Run Coal Co., 212 F. 2d 52. The respondent relies upon our decision in the case of James Ruston, 19 T. C. 284, as fully supporting his determination. Cf. Helen C. Brown, 22 T. C. 58, which held under the pertinent facts that our decision in the Ruston case was controlling. We think the facts and circumstances found to be determinative in the Ruston case are not present in the case at bar. The contractor in the Ruston case had the exclusive right to mine the coal from the premises until the seam was exhausted. The contractor was required to perform certain duties imposed upon the coal company under its leases and was required to take risks as to what the ultimate selling price would be and to receive 83 per cent of the net selling price. On the basis of such facts we held that the contractor had an economic interest in the coal in place. In the Brown case we held the contractor had the exclusive right to mine the coal from the properties and was to be paid a percentage of the amount of gross sales after deducting royalties, siding rentals, and commissions. In the Vincent case we held that the contracts there in question more nearly resembled those involved in the Morrisdale case rather than those involved in the Ruston case, and adopting the rationale of the Morrisdále case we held the independent contractors who were to strip mine the coal had no economic interest in the coal in place. While our decision has been reversed as to that holding, we do not regard the decision of the Court of Appeals as controlling our decision in the instant case. We think the reasons set forth herein, why our decision in the Morrisdale case is controlling here, distinguish the instant case from the controlling facts in the Vincent case. We therefore hold that the respondent erred in reducing the petitioner’s gross income from the sale of coal by the amounts paid in the taxable years in question to the independent contractors for mining its coal. Certain other adjustments made by the respondent are not in controversy. Reviewed by the Court. Decision will be entered under Rule 50.